## Miller v. Rodemoyer et al.

*Martin E. Cusick*, for plaintiff
*Joseph W. Nelson*, for defendants.

ROWLEY, P. J., July 27, 1942.—Plaintiff filed his declaration in ejectment, averring purchase of the real estate from the County of Mercer which had acquired title thereto at the county treasurer's tax sale.

Mary E. Frantz, one of the defendants, filed an answer averring that she had had no notice of the county treasurer's sale nor of the subsequent sale conducted by the county commissioners.

Thereafter counsel for plaintiff moved for judgment for want of a sufficient affidavit of defense.

The only question presented is whether the county treasurer and the county commissioners, or either of them, were required to give notice to the owner previous to their respective sales in order to validate plaintiff's title.

The Act of May 29, 1931, P. L. 280, sec. 7, as amended by the Act of June 20, 1939, P. L. 498, sec. 3, 72 PS §5971g, requires the county treasurer to give to the owner of the real estate 10 days' notice of the proposed sale. However, the section expressly provides:

"That no such sale . . . shall be invalidated by proof that such written notice was not served by the treasurer, or that such notice was not received by the owner . . ."

The Act of May 29, 1931, P. L. 280, sec. 17, as amended by the Act of June 20, 1939, P. L. 498, sec. 9, prescribes the procedure for sale of real estate acquired by the county commissioners at the treasurer's tax sale.

There is no provision therein for notice to the owner, but defendant contends that the foregoing act was repealed by the Act of July 28, 1941, P. L. 541. We do not concur. The statute of 1941 repealed only such parts of the earlier act as were inconsistent with the Act of 1941. The provisions of the earlier act with which we are here concerned are not inconsistent with any portion of the Act of 1941, and consequently they are unaffected by it.

Our conclusion is that the failure of the county treasurer or of the county commissioners, or of both of them, to give notice to the owner of the real estate to be sold did not invalidate plaintiff's title.

*Order*

And now, July 27, 1942, for the reasons above set forth judgment is entered in favor of William Carl Miller and against J. A. Rodemoyer and Mary E. Frantz for that certain tract of land in Delaware Township, Mercer County, Pa., bounded as follows:

On the north by a public road, on the east by Helena Myers and Richard Gilson, on the south by Shenango River and the Lamberton National Bank, and on the west by H. G. Stamm; containing 130 acres, more or less.